UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN DAVID PAMPLIN,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>C. LUCAS, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:20-cv-00111-MMD-CLB<br><br>ORDER |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) The Court grants the application to proceed *in forma pauperis*. (ECF No. 1.) The Court now screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues multiple Defendants for events that allegedly took place while Plaintiff was incarcerated at Warm Springs Correctional Center ("WSCC"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants C. Lucas, Schreckengost, and K. McCullah. (*Id.* at 1-3.) In addition, in the caption of his Complaint, Plaintiff has identified "OMD" as a defendant.[1] (*Id.* at 1.) Plaintiff also lists "Administration" as a Defendant and describes that Defendant as "Director of Prison," although the Complaint appears to use "Administration" to refer to other people in the allegations.[2] (*Id.* at 3.) Plaintiff brings three counts and seeks monetary damages and declaratory relief. (*Id.* at 6, 9.)

---

[1]To the extent Plaintiff is seeking to bring § 1983 claims against OMD, the Court dismisses those claims with prejudice. OMD is an arm of the state of Nevada and therefore is not a "person" subject to suit for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Black v. Nevada Dep't of Corr.*, 2:09-cv-2343-PMP-LRL, 2010 WL 2545760, *2 (D. Nev. June 21, 2010).

[2]A complaint cannot be served on an unnamed plaintiff. As a general rule, the use of "Doe" pleading to identify a defendant rather than using that persons' real name is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, courts recognize that there are situations "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id.* Therefore, if a plaintiff adequately describes a Doe defendant so that the identity of that particular person can be identified through

The Complaint alleges that, on September 14, 2018, "Administration" classified Plaintiff to WSCC and housed him on a hill in Unit 4B North. (ECF No. 1-1 at 3.) "Administration and all the defendants" had personal knowledge of Plaintiff's walking disabilities. (*Id.*) The "special doctor" ordered flat yard restriction. (*Id.*) "The defendants ignored all my crys for help and left me to suffer." (*Id.*)

Claim 1 alleges the following. "Each Defendant had knowledge of the steep hill which OMD classified me to this prison, knowing I'm a disable with dropfoot, right hip and lower back injuries." (ECF No. 1-1 at 4.) Walking up and down a steep hill has caused great pain and suffering. (*Id.*) "The defendant" violated Plaintiff's "flat yard restriction" by placing him on the steep hill. (*Id.*) Walking the steep hill 10-14 times per day for matters such as chow hall, pill call, church, and picking up legal mail has made Plaintiff's condition worse. (*Id.*) "The defendant" states that it is a "barrier free yard," but Warms Springs Unit 4B is not handicap accessible. (*Id.*) Plaintiff concludes that his rights under Title II of the Americans with Disabilities Act ("ADA") have been violated. (*Id.*)

Claim 2 alleges the following. C. Lucas and K McCullah "had personal knowledge" of the hill and failed to address the pain and suffering caused by the daily walking up and down the hill, stating that it is a barrier free yard when clearly there is a steep hill. (ECF No. 1-1 at 5, 12-17.) They deliberately placed Plaintiff in Unit 4R, knowing that Plaintiff would have to walk the steep hill daily and hurt his injuries even more. (*Id.*) Months of walking up and down the steep hill have caused serious injuries to his lower back and right hip. (*Id.*) "The defendant ignored all my crys for help." (*Id.*) Warm Springs is not a handicap accessible yard. (*Id.*) Plaintiff concludes that the "defendant's refusal" to move Plaintiff to a different yard or flat yard has amounted to deliberate indifference to an

---

discovery and if the plaintiff alleges specific acts by that particular Doe defendant that state a colorable claim against that Doe defendant, then the Court later will permit the plaintiff to engage in discovery to attempt to learn the name of that particular Doe defendant and file an amended complaint to substitute the true name of the defendant. It is not clear from the Complaint who the "Administration" defendant is and when and what that defendant did to violate Plaintiff's rights. If Plaintiff wishes to sue this defendant, he must, at the proper time, move to amend the complaint to substitute this defendant's real name and allege facts sufficient to state a colorable claim against this person.

unreasonable risk of harm. (*Id.*) The Court therefore construes this claim as an Eighth Amendment claim.

Claim 3 alleges the following. "Each defendant had personal knowledge" of Plaintiff's flat yard doctor-ordered restrictions, but deliberately placed Plaintiff on this steep hill to cause Plaintiff pain and suffering and more injuries to his dropfoot issue, his right hip, and his lower back injuries." (ECF No. 1-1 at 6.) Even after grieving the issue, "the defendants fail to help me stating or lying saying it a 'barrier free yard.'" (*Id.*) Warm Springs is not handicap accessible. "These defendants interfered with strict doctors orders." (*Id.*) Plaintiff alleges that this violated his Eighth Amendment right against cruel and unusual punishment. (*Id.*)

## A.   ADA Claim

The ADA applies in the prison context. *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010). Pursuant to the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Although the ADA does not expressly provide for reasonable accommodations, the implementing regulations provide that "[a] public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7). The Supreme Court has held that a prisoner may state an ADA claim based on the "alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs." *United States v. Georgia*, 546 U.S. 151, 157 (2006).

The Court finds that Plaintiff states a colorable ADA claim against C. Lucas and K. McCullah. Liberally construed, the Complaint alleges a disability, which is difficulty walking on a hill without pain due to dropfoot and back and hip problems making it difficult

for him to walk up and down a hill for activities such as eating, obtaining medicine, going to church, and obtaining mail. Throughout the Complaint, Plaintiff uses collective or unclear terms to refer to Defendants and uses conclusory allegations. However, liberally construed, the Complaint alleges that Plaintiff complained to C. Lucas and K. McCullah that his housing situation required him to walk up and down the hill, and that he was having difficulties walking, and was experiencing pain due to his medical condition, but C. Lucas and K. McCullah denied his request to be accommodated through transfer to a flat yard, and both of them claimed that the yard where he was housed was "barrier free" even though Plaintiff had informed them of the problems posed by the hill. (*Id.* at 4, 5, 12-17.) The Court therefore finds that the Complaint adequately alleges that Defendants C. Lucas and K. McCullah deliberately refused to accommodate Plaintiff's disability-related mobility needs and this claim may proceed against C. Lucas and K. McCullah. However, Plaintiff does not allege facts sufficient to show that Plaintiff requested a transfer from any other Defendant who deliberately refused that accommodation. To the extent Plaintiff is attempting to state an ADA claim against any other Defendant, such claims are dismissed without prejudice.

### B. Eighth Amendment Claims

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant

injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

To prove deliberate indifference, a plaintiff must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).

Furthermore, to satisfy the deliberate indifference prong, a plaintiff must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096.

Prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted. *See Farmer*, 511 U.S. at 844. What is reasonable depends on the circumstances, including the defendant's authority, capabilities, and resources. See *Peralta v. Dillard*, 744 F.3d 1076, 1084-85 (9th Cir. 2014) (en banc).

Furthermore, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Therefore, a Plaintiff must allege facts sufficient to show that each particular defendant was deliberately indifferent and caused the harm; a defendant does not become liable for an Eighth Amendment violation merely because a co-worker or subordinate was deliberately indifferent. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

The Court finds that Plaintiff states a colorable Eighth Amendment claim against Defendants C. Lucas and K. McCullah. Much of the Complaint uses conclusory, collective, or unclear allegations. However, liberally construed, the Complaint alleges facts sufficient to show that C. Lucas and K. McCullah knew that Plaintiff had a dropfoot,

hip, and back injuries that caused Plaintiff pain when he had to climb up and down the hill but unreasonably and deliberately chose not to transfer Plaintiff to address the problem and baselessly claim that the yard was "barrier free," causing Plaintiff prolonged pain. Therefore, these Eighth Amendment claims may proceed against C. Lucas and K. McCullah. However, Plaintiff has not alleged facts sufficient to show deliberate indifference by any other Defendants, so the remaining Eighth Amendment claims are dismissed without prejudice.

### III.   EXCLUSION FROM MEDIATION PROGRAM

Plaintiff is a frequent litigator in this Court. Since late 2016, plaintiff has filed no fewer than nine civil rights actions and six habeas actions. Plaintiff has attended multiple inmate mediations in civil rights cases (*see* 3:16-cv-668, 3:16-cv-0745, 3:17-cv-0716, 3:18-cv-0333, 3:18-cv-0532). All the mediations have all proved either unsuccessful or resulted in a repudiated settlement requiring a motion to enforce (*see* 3:16-cv-0668-MMD-VPC).

The Court has reviewed this particular case and, while not opining on the merits, has determined that it will be excluded from the inmate mediation program in order to preserve the Court's limited resources. The parties are free to privately discuss settlement if they so choose.

### IV.   CONCLUSION

It is therefore ordered that the Clerk of the Court file the Complaint (ECF No. 1-1), and send Plaintiff a courtesy copy of the Complaint.

It is further ordered that the § 1983 claims against OMD are dismissed with prejudice, as amendment would be futile.

It is further ordered that the ADA and Eighth Amendment claims may proceed against C. Lucas and K. McCullah.

It is further ordered that the remaining claims are dismissed without prejudice.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff shall not be required to pay an initial installment of the filing fee.

In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2). Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the NDOC will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (John David Pamplin, # 74405), in the months that the account exceeds $10.00, until the full $350.00 filing fee has been paid for this action. The Clerk of the Court is directed to send a copy of this order to the Finance Division of the NDOC. The Clerk of the Court is further directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that the Clerk of the Court electronically serve a copy of this order and a copy of Plaintiff's Complaint (ECF No. 1-1) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

It is further ordered that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

It is further ordered that, subject to the findings of this screening order, within 21 days of the date of entry of this order, the Attorney General's Office must file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office must file, under seal, but will not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last

known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

It is further ordered that, if service cannot be accepted for any of the named defendant(s), Plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

It is further ordered that, if the Attorney General accepts service of process for any named defendant(s), such defendant(s) must file and serve an answer or other response to the complaint within sixty (60) days from the date of this order.

It is further ordered that, henceforth, Plaintiff must serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk of Court, and any document received by a district judge, magistrate judge, or the Clerk of Court that fails to include a certificate showing proper service.

DATED THIS 16th Day of February 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE