1

2                          **UNITED STATES DISTRICT COURT**

3                                **DISTRICT OF NEVADA**

4                                         * * *

5    JOHN DAVID PAMPLIN,                          Case No. 3:20-cv-0111-MMD-CLB

6                         Plaintiff,

7        v.                                              **ORDER DENYING**
                                                     **MOTIONS TO COMPEL**
8    C. LUCAS, et al.,

9                         Defendants.                   [ECF No. 33 & 37]

10

11

12          Before the Court are Plaintiff John Pamplin's ("Pamplin") two motions to compel

13   discovery from Defendant C. Landis aka Candis Rambur ("Rambur").[1] (ECF Nos. 33 &

14   37.) Defendants have not opposed the motions as the time has not yet passed to do so,

15   yet the motions to compel are denied as stated below.

16          Having reviewed Pamplin's motions, it is plain on the face of the motions that the

17   motions must be denied because Pamplin failed to meet and confer with defense

18   counsel prior to filing the motions. Fed. R. Civ. P. 35(a) requires a motion to compel to

19   "include a certification that the movant has in good faith conferred or attempted to confer

20   with the person or party failing to make disclosure or discovery in an effort to obtain it

21   without court action." Local Rule 26-6(c) states that "discovery motions will not be

22   considered unless the movant has (1) made a good faith effort to meet and confer as

23   defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting

24   forth the details and results of the meet-and-confer conference about each disputed

25   discovery request."

26

27   _____

28   [1]      (ECF No. 26.)

The object of meeting and conferring is not simply to demand that opposing counsel perform certain actions. LR IA 1-3 defines meet and confer as a "means to communicate directly and discuss in good faith the issues required under the particular rule or order."  In the case of an incarcerated individual the meet and confer requirement may be satisfied through written communication.  LR I-A (f)(1).

Pamplin provided no declaration or proof that he attempted to meet and confer; therefore, Pamplin's motions to compel are denied without prejudice to refile if, after a proper meet and confer has taken place, the parties are unable to reach a resolution related to the discovery responses.

**IT IS THEREFORE ORDERED** that Pamplin's motions to compel, (ECF Nos. 33 & 37), are **DENIED**.

**DATE**: ___August 30, 2021___ .

_____
**UNITED STATES MAGISTRATE JUDGE**