UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DAVID PAMPLIN,<br><br>   Plaintiff,<br><br> v.<br><br>C. LUCAS, et al.,<br><br>   Defendants. | Case No. 3:20-cv-0111-MMD-CLB<br><br>**ORDER DENYING<br>MOTION TO COMPEL**<br><br>[ECF No. 29 & 30] |

Before the Court are Plaintiff John Pamplin's ("Pamplin") two motions to compel discovery from Defendant K. McCullah ("McCullah"). (ECF Nos. 29 & 30.) Defendants opposed the motions, (ECF Nos. 34 & 35), and no replies were filed. The motions to compel are denied as stated below.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Pamplin is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Warm Springs Correctional Center ("WSCC"). Proceeding *pro se*, Pamplin filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging, in summary, that on September 14, 2018, "Administration" classified Pamplin to WSCC and housed him on a hill in Unit 4B North. "Administration and all the Defendants" had personal knowledge of Plaintiff's walking disabilities. The "special doctor" ordered flat yard restriction. "The defendants ignored all [Pamplin's] crys (sic) for help and left [him] to suffer." (ECF No. 1-1 at 3.) On February 16, 2021 the District Court screened the complaint and allowed Pamplin's ADA and Eighth Amendment claims to

proceed against Defendants C. Lucas aka Candis Rambur[1] and K. Mccullah. (ECF No. 2.)

Presently before the Court are Pamplin's motions to compel. (ECF Nos. 29 & 30.) Pamplin seeks to compel answers to Requests for Production of Documents 1, 2, and 3 (Set One) and 2, 4 and 5 (Set Two)[2] from McCullah.[3] Pamplin argues McCullah should be compelled to provide the items of discovery listed below, which he claims were not responded to adequately. Pamplin asserts that McCullah had "no substantial justification" to refuse to produce documents because the information he requests "will prove his case." (*Id.*)

In response, Defendants argue the motions should be denied because: (1) Pamplin failed to meet and confer pursuant to Fed. R. Civ. P. 37(a)(1)-(2) and LR 26(c)(2); (2) McCullah does not have the documents Pamplin requests because they do not exist, or McCullah does not have custody and control of the documents requested; and (3) McCullah argues her performance evaluation is irrelevant and confidential. (ECF Nos. 34 & 35.) Pamplin did not file replies.

## II.  LEGAL STANDARD

"[B]road discretion is vested in the trial Court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

---

[1]  (See ECF No. 26.)

[2]  It appears to the Court that Pamplin served two separate sets of discovery requests to McCullah.

[3]  It appears to the Court that Pamplin mixed Interrogatories and Requests for Production of Documents in his discovery requests.

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why the believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1–2 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *See, e.g., F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

**III.   DISCUSSION**

    **A.   Failure to Meet and Confer**

Pursuant to the Local Rules for the District of Nevada, "[d]iscovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." LR 26-6(c). Federal Rule of Civil Procedure 35(a) requires a motion

to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The object of meeting and conferring is not simply to demand that opposing counsel perform certain actions. LR IA 1-3 defines meet and confer as a "means to communicate directly and discuss in good faith the issues required under the particular rule or order."  In the case of an incarcerated individual the meet and confer requirement may be satisfied through written communication.  LR I-A (f)(1).

McCullagh states she received no written attempt to meet and confer from Pamplin prior to the filing of these motions. (ECF Nos. 34 & 35.) Moreover, Pamplin did not submit or attach a declaration to the motion setting forth the details of any meet and confer between the parties prior to filing the motions. Pamplin's failure to properly meet and confer, and failure to attach a proper declaration detailing that meet and confer, is alone a sufficient basis to deny the motions. However, even when parties fail to properly meet and confer, "the court may still, exercise its discretion to decide the motion to stay discovery on its merits." *Brennan v. Cadwell Sanford Deibert & Garry LLP*, No. 2:20-cv-00799-JAD-VCF, 2020 WL 5653673 *2 (D. Nev. Sep. 22, 2020) (internal citations and quotations omitted).  Although Pamplin failed to follow the Local Rules prior to filing this motion, the court will exercise its discretion to reach the merits of the motions to avoid any further delays in resolving the motions on the merits.

**B.     Requests for Production 1, 2, and 3 (Set One) (ECF No. 29)**

Pamplin's first motion seeks to compel the following requests for production:

| Request for Discovery No. | Request for Production |
|---|---|
| 1 | Employ an expert surveyor to survey the difference in the ground levels at Warms Springs Correctional Center on the hill in front of Unit 4-B and the ground level at the Law Library and chow hall then at medical. |

| | |
|---|---|
| **2** | Employ a photographer [sic] to take pictures of the top of the hill in front of Unit 4B then from the Law Library, and from the chow hall and medical shows the steepness of this hill |
| **3** | Then has the surveyor measure the exact distance between Unit 5B top of the hill to Law Library, chow hall and medical |

(ECF No. 29, Ex. 1.)

McCullah objected to these requests as improper because they ask McCullah to employ both an expert surveyor and a photographer to create documents that do not currently exist. (ECF No. 34.)

Fed. R. Civ. P. 34(a) provides as follows:

(a) In General. A party may serve on any other party a request within the scope of Rule 26(b):

(1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A) any designated documents or electronically stored information—including writings, drawing, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

The documents Pamplin requested in request nos. 1, 2, & 3 (Set One) do not exist. Pamplin is asking Defendants to create evidence to prove his case by demanding Defendants hire an expert surveyor and photographer. Defendants are not obligated under Rule 34 to create evidence for Pamplin. Moreover, the Court is not convinced that these requests are relevant and proportional to the needs of this case. If Pamplin believes he needs a surveyor to conduct discovery in this case, he may retain one at his own expense.

Therefore, Pamplin's motion to compel these items must be **DENIED**.

**B.     Requests or Production 2, 4, & 5[4] (Set Two) (ECF No. 30)**

Pamplin's second motion seeks to compel the following requests for production:

| Request for Discovery No. | Requests for Production |
|---|---|
| 2 | Produce a copy of your most recent Employee Work Performance Standards form. |
| 4 | Produce all written statements, original or copies identifiable as reports about this Warm Springs being a barrier free yard and concerning this verified complaint. |
| 5 | Produce all surveillance video of Plaintiff walken [sic] up or down the hill on the date Plaintiff wrote grievance #20063071941 9/14/18. |

McCullah answered that request 2 asks for irrelevant and confidential information, the items requests in Request 4 do not exist, and the surveillance video requested in Request 5 are not in McCullah's possession, custody or control. (ECF No. 35.)

Starting with Request 2, the first limitation on permissible discovery is that it be relevant. *See,* e.g., *Dowell v. W.T. Griffin*, 275 F.R.D. 613, 617 (S.D. Cal. Aug. 17, 2011) (stating that the court must address whether the requested documents are relevant before engaging in the privilege analysis). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppehnheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 1978 (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Without addressing the confidentiality and privilege arguments related to McCullah's employee records contained in Request 2, the Court finds these records are irrelevant to the matters at issue in this case.

---

[4]     Pamplin listed these requests as 1, 2, & 3 in his motion; however, the actual content of the requests in his motion were numbers 2, 4 & 5 in his original discovery request.

6

As to Request 4, these items also do not exist and for the reasons stated above, the Court cannot compel items to be disclosed that do not exist.

Finally, as to the video surveillance sought in Request 5, even if a video existed of Pamplin walking up and down the hill on 9/14/18, the video system at the prison is not in McCullah's possession, custody, or control. Pursuant to Federal Rule of Civil Procedure 34, a "party may serve on any other party a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). Therefore, Pamplin's motion to compel these items must also be **DENIED.**

### C. Pamplin's Requests for Expenses for Filing Motions to Compel

Pamplin is not the prevailing party on his motions to compel. Therefore, he is not entitled to payment of expenses under Fed. R. Civ. P. 29(a)(5).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Pamplin's motions to compel, (ECF Nos. 29 & 30), are **DENIED**.

**DATE**: August 21, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**

7