1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOHN PAMPLIN,

          Plaintiff,

    v.

C. LUCAS, *et al.,*

          Defendants.

Case No. 3:20-CV-0111-CLB

**ORDER GRANTING MOTION TO SEAL**

[ECF No. 43]

10

11

     Before the Court is Defendants' motion for leave to file medical records under seal in support of Defendants' motion for summary judgment. (ECF No. 43.)

12

13

14

15

16

17

18

19

20

     "The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

21

22

23

24

25

26

27

     If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

28

     Here, Defendants seek to file exhibits under seal in connection with their motion

1    for summary judgment, (ECF No. 42), which are "more than tangentially related" to the

2    merits of a case. Therefore, the compelling reasons standard applies.

3        Under the compelling reasons standard, "a court may seal records only when it

4    finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying

5    on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir.

6    2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding

7    a compelling reason is "best left to the sound discretion" of the court. *Ctr. for Auto Safety*,

8    809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

9        This Court, and others within the Ninth Circuit, have recognized that the need to

10   protect medical privacy qualifies as a "compelling reason" for sealing records, since

11   medical records contain sensitive and private information about a person's health. *See,*

12   *e.g., Spahr v. Med. Dir. Ely State Prison*, No. 3:19-CV-0267-MMD-CLB, 2020 WL 137459,

13   at *2 (D. Nev. Jan. 10, 2020); *Sapp v. Ada Cnty. Med. Dep't*, No. 1:15-CV-00594-BLW,

14   2018 WL 3613978, at *6 (D. Idaho July 27, 2018); *Karpenski v. Am. Gen. Life Companies,*

15   *LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013). While

16   a plaintiff discloses aspects of his medical condition at issue when he files an action

17   alleging deliberate indifference to a serious medical need under the Eighth Amendment,

18   that does not mean that all his medical records filed in connection with a motion (which

19   often contain unrelated medical information) must be broadcast to the public. In other

20   words, the plaintiff's interest in keeping his sensitive health information confidential

21   outweighs the public's need for direct access to the medical records.

22       Here, the referenced exhibits contain Plaintiff Scott Bedard's ("Bedard") sensitive

23   health information, medical history, and treatment records. Balancing the need for the

24   public's access to information regarding Bedard's medical history, treatment, and

25   condition against the need to maintain the confidentiality of Bedard's medical records

26

27

28

weighs in favor of sealing these exhibits. Therefore, Defendants' motion to seal, (ECF No. 43), is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:**  January 22, 2022

_____
**UNITED STATES MAGISTRATE JUDGE**