UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DAVID PAMPLIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C. LUCAS., *et al.*,<br><br>　　　　　Defendants. | Case No. 3:20-CV-00111-CLB<br><br>**ORDER OF DISMISSAL WITH PREJUDICE**[1] |

On October 6, 2023, the Court held a telephonic show cause hearing following the issuance of the Court's Order to Show Cause on August 25, 2023, due to Plaintiff John David Pamplin's ("Pamplin") failure to appear for a court-ordered status conference. (ECF Nos. 69, 70.) Pamplin failed to appear for the show cause hearing and did not file any objection to the Court's Order to Show Cause. Therefore, for the reasons stated below, the Court dismisses this action with prejudice due to Pamplin's failure to appear for a court-ordered status conference and show cause hearing.

I.     **BACKGROUND**

Pamplin is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at the Warm Springs Correctional Center ("WSCC"). (ECF No. 3.) Defendants McCullah and Rambur were employed with the NDOC at the time relevant to Pamplin's complaint. (ECF No. 42.) On February 18, 2020, Pamplin filed an application to proceed *in forma pauperis* and a complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 3.)

///

---

[1]     The parties have voluntarily consented to have this case referred to the undersigned to conduct all proceedings and entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 15.)

The complaint was screened by the District Court pursuant to 28 U.S.C. § 1915A, and Pamplin was permitted to proceed on violations of the ADA and an Eighth Amendment deliberate indifference claim against Defendants. (ECF No. 2.) The Court found that Pamplin stated an ADA claim, as the complaint adequately alleged that Defendants deliberately refused to accommodate Pamplin's disability-related mobility needs. (*Id.* at 6.) Additionally, the Court found that Pamplin stated a colorable Eighth Amendment claim against Defendants, because liberally construed, the complaint alleged facts sufficient to show Defendants knew that Pamplin had a drop foot and hip and back injuries that caused Pamplin pain when he had to climb up and down the hill and Defendants deliberately chose not to transfer Pamplin to address the problem and baselessly claimed that the yard was "barrier free," causing Pamplin prolonged pain. (*Id.* at 7-8.)

Following the filing of a motion for summary judgment, the Court entered judgment in this matter on February 16, 2022, (ECF No. 54), in favor of Defendants after granting Defendant's motion for summary judgment. (ECF No. 53.) Pamplin appealed and was appointed pro bono counsel. On May 16, 2023, the Ninth Circuit vacated and remanded this case in appeal No. 22-15284. (ECF No. 63.) Specifically, the Ninth Circuit: (1) vacated the dismissal of Pamplin's disability discrimination claim under Title II of the Americans with Disabilities Act ("ADA") and remanded to allow him to file an amended complaint; (2) vacated the grant of summary judgment for the nurses on the ADA claim because Pamplin's claim was for accommodation under the ADA and not medical treatment; and (3) concluded that on this record there appears to be genuine issue of material fact as to the nurses' ability to process Pamplin's complaint or grant him some relief. (*Id.*) In accordance with the Ninth Circuit's ruling, the Court vacated the judgment as to Pamplin's ADA claims only.

The mandate was issued on June 7, 2023, and jurisdiction was again vested in this Court. (ECF No. 64.) On June 15, 2023, the Court entered an order reopening this case and vacated those aspects of the screening order and summary judgment that

dismissed Pamplin's ADA claim against NDOC and the remaining defendants. (ECF No. 65.) In the order, the Court directed the parties to file a status report with the Court by no later than Friday, July 14, 2023, explaining how the parties wished to proceed with the case. (*Id*.) Upon receiving the status report, the Court set a status conference to determine how best to proceed with the action. (ECF No. 67.) This order directed the parties to appear and directed the Deputy Attorney General to make the necessary arrangements for Mr. Pamplin's appearance at the status conference. (*Id.*)

On August 22, 2023, the status conference took place. (ECF No. 68.) However, Pamplin did not attend. (*Id.*) The Court was advised that Pamplin refused to come out of his cell for the hearing. The Court was also advised that Pamplin refused to come out of his cell prior to the hearing to discuss this case with pro bono counsel. (*Id.* at 2.) The Court stated on the record that it would issue an order to show cause as to why this case should not be dismissed for Pamplin's failure to follow the Court's order and failure to attend the court-ordered status conference. (*Id.*)

The Court's Order to Show Cause was issued on August 25, 2023. (ECF No. 69.) The order directed Pamplin's appearance at a show cause hearing on October 6, 2023, to determine why this case should not be dismissed for Pamplin's failure to comply with the Court's order and appear for the court-ordered status conference. (*Id.*) The order also directed Pamplin to file any objection to the Court's order within 5 days of the show cause hearing. (*Id.*) On October 6, 2023, the Court held the show cause hearing. (ECF No. 70.) Once again, Pamplin refused to leave his cell to attend the show cause hearing. (*Id.*) Pamplin has also not filed any objections to the order to show cause.

**II.     DISCUSSION**

The Court may, after providing notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who fails to appear when required for a pretrial conference or fails to comply with an order of the court. LR IA 11-8.

Federal Rule of Civil Procedure 16(f) likewise authorizes the issuance of "any just order" including those authorized by Rule 37(b)(2)(A)(i)-(vii) if a party "fails to appear at a

scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." This includes the sanction of dismissal. Fed. R. Civ. P. 37(b)(2)(A)(v). In addition, the Court has the power to *sua sponte* dismiss an action for failure to comply with court rules or orders. *See* Fed. R. Civ. P. 41(b); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citation omitted); *Pearson v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965).

In considering whether to dismiss a *pro se* plaintiff's action under Rule 41(b), the Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

In the instance case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Further, the Court's need to manage its docket has been thwarted by Pamplin's failure to appear. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). "Rule 16, the central pretrial rule, authorizes a court to manage cases so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement facilitated." *In re Phenylpopanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). Pamplin's failure to appear resulted in the Court, defense counsel, and NDOC staff spending unnecessary time in connection with the status conference and show cause proceeding. This undoubtedly took time away from other cases and the management of the Court's docket.

///

As to the third factor, Defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. The defense was also prejudiced by the expenditure of time and effort in preparing for the status conference and preparing for and appearing for the show cause hearing. The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, a Court's warning to a party that his failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Malone*, 833 F.2d at 130. At the status conference, the Court notified Pamplin that he was to show cause why his case should not be dismissed for his failure to follow the Court's order and failure to appear for the hearing. (ECF No. 68 at 2.) Thus, Pamplin had adequate warning that dismissal could result from his noncompliance with the Court's order. Further, the Court does not perceive any less drastic sanction would be effective. Pamplin is an indigent inmate litigant, and so payment of Defendants' fees and costs expended in preparing for and attending the status conference and order to show cause proceedings is not practical. The Court is unaware of any other non-monetary sanction that would adequately address Pamplin's failures to follow Court orders and to appear for hearings. Given Pamplin's continued refusal to appear for Court hearings, it is clear that a warning or reprimand would have no impact. Treating the failure to adhere to the Court's orders as contempt of court would not have an effect on an indigent litigant who is already incarcerated. Nor would it serve as any type of deterrent to Pamplin or others litigating in this Court, if the Court simply turned a blind eye to this type of conduct by either setting further hearings or allowing the case to proceed.

Accordingly, the above-referenced factors weigh in favor of dismissal. Therefore, the Court orders the sanction of dismissal of this action with prejudice for Pamplin's failure to comply with the Court's orders to appear for the August 22, 2023 status conference and the October 6, 2023 show cause hearing.

///

### III. CONCLUSION

Consistent with the above, **IT IS HEREBY ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk enter **JUDGMENT** in favor of Defendants and close this case.

**IT IS SO ORDERED**.

DATED: October 16, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**